```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MONTANA
                     MISSOULA DIVISION
     _____

LONNIE E. LARSON,
                                       CV 08-150-M-DWM-JCL
              Plaintiff,

        vs.                            FINDINGS AND RECOMMENDATION
                                       OF U.S. MAGISTRATE JUDGE
DARWIN CHING, Director,
Department of Labor,
State of Hawaii,

              Defendant.
     _____
```

Plaintiff Lonnie Larson has filed a Motion to Proceed in Forma Pauperis.  His Complaint is lodged with the Court pending a ruling on his in forma pauperis motion.  Upon review of Larson's Complaint, however, the Court finds the District of Montana is not the proper venue for his lawsuit.

Larson's lawsuit stems from matters which occurred in the State of Hawaii.  The documents Larson submitted with his Complaint reflect that he was injured by a lightning strike on February 26, 2002, in the State of Hawaii while working at a water tunnel construction site.  Larson alleges that Defendant Darwin Ching has improperly deprived Larson of his full worker's compensation benefits under the laws of the State of Hawaii.  Further, Larson contends Ching's conduct gives rise to legal

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 1

claims for relief under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.

Federal law at 28 U.S.C. § 1391 sets forth the rules for determining the proper venue for cases filed in the federal courts.  In light of Larson's ADA claim the applicable venue provision is set forth at § 1391(b) which states as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Under the circumstances alleged in Larson's Complaint venue is not proper in the District of Montana under any of the three alternative provisions of § 1391(b).  The address Larson provided for Ching is Ching's address at the Department of Labor in the State of Hawaii.  Larson does not allege Ching resides in the District of Montana.  Additionally, Larson's allegations establish that all of the events or omissions that are the subject of this lawsuit occurred in the State of Hawaii, not in the District of Montana.  Finally, the provisions of § 1391(b)(3) are inapplicable because subsections (1) and (2) establish that venue is proper in Hawaii.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 2

For the reasons discussed above, the District of Montana is not the proper venue for this action. Instead, pursuant to 28 U.S.C. § 1391(b) the proper venue for this action is the District of Hawaii.

The fact that Larson has filed this action in the wrong venue invokes the provisions of 28 U.S.C. § 1406 which state as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a). Under the circumstances of this case, the Court finds a dismissal for improper venue is not warranted. Rather, in the interest of justice, this case should be transferred to the District of Hawaii which would be the proper venue for this action under 28 U.S.C. § 1391(b)(1) or (2).

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

This action should be transferred to the United States District Court for the District of Hawaii.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings

must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

    Plaintiff is advised that he shall keep the Court informed of any change of address.  His failure to do so could result in the dismissal of this case.

    DATED this 3rd day of November, 2008.

                                        /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge