

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| LONNIE E. LARSON, | ) | CV 08-150-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DARWIN CHING, Director, | ) | |
| Department of Labor, State of | ) | |
| Hawaii, | ) | |
| | ) | |
| Defendant. | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on November 3, 2008. Judge Lynch recommended transferring this case to the United States District Court for the District of Hawaii. Plaintiff timely objected on November 14, 2008. Plaintiff therefore is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

-1-

Plaintiff, Lonnie Larson, has moved to proceed *in forma pauperis* and has lodged a complaint with the Court. It asserts the Defendant improperly denied Larson full worker's compensation benefits and asserts claims for relief under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Larson objects to Judge Lynch's Finding that venue is improper in The District of Montana. He argues that the Court should permit the case to proceed in Montana because he has health and financial restrictions that prevent him from maintaining the case in Hawaii.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). As Judge Lynch correctly found, venue is not proper in this Court under any of the provisions of 28 U.S.C. § 1391(b). The Defendant, Director of Hawaii's Department of Labor, does not reside in Montana, and Larson's complaint states that the events giving rise to the claims occurred in Hawaii. Therefore, venue is not proper under 28 U.S.C. § 1391(b)(1), (2). Venue is also not proper under 28 U.S.C. § 1391(b)(3) because there is another district in which the action may be brought.

Judge Lynch also found that the case should be transferred to the United States District Court for the District of Hawaii. "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court agrees with Judge Lynch that the case should be transferred, rather than dismissed, in the interest of justice.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #4) are adopted in full. The clerk is directed to transfer this case to the United States District Court for the District of Hawaii.

The Clerk of Court is further directed to close this case.

Dated this 25th day of November, 2008.

Donald W. Molloy, District Judge
United States District Court